UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| **ROXANE HAMILTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 10-40113-FDS |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). It is, in substance, an action for dental malpractice. Plaintiff Roxane Hamilton alleges that she received negligent dental treatment at a federally funded community health center in Fitchburg, Massachusetts, resulting in a lost tooth.

The United States has moved to dismiss on the grounds that plaintiff filed her complaint more than six months after the U.S. Department of Health and Human Services ("HHS") denied her administrative claim. For the reasons stated below, the motion will be granted.

**I.      Background**

Roxanne Hamilton visited the Community Health Connections Family Health Center, a federally funded community-health center in Fitchburg, Massachusetts, on October 9, 2007. She was treated by dentist Rod Lewin, D.M.D. She alleges that due to the negligent care she received from Dr. Lewin, she was forced to have a tooth extracted.

Hamilton filed a timely administrative tort claim under the FTCA with the United States

Department of Health and Human Services. *Id.* ¶ 13. The agency denied the claim in a notice issued on July 22, 2009. *See* Decl. of James Anagnos, ¶ 4 & Ex. 1.

On July 24, 2009, her counsel was sent a letter from David Hyman, a law professor at the University of Illinois. Professor Hyman is an independent "Settlement Depository" for medical malpractice claims filed against HHS, pursuant to HHS's voluntary pilot program promoting the early settlement of claims.[1] Professor Hyman's letter acknowledged receipt of Hamilton's offer to resolve her administrative claim. It also stated that the "90 day period for resolving this claim through the early offer program runs on September 15, 2009." Pl. Opp. (Doc. No. 10), Ex. 1. And it stated that "If you do not hear from me within several weeks of the [date of the letter], you should assume your claim has not been resolved through the early offer program." *Id.*

Plaintiff filed the complaint in this matter on June 23, 2010.

## II. Analysis

No action can be brought against the United States unless the government has waived its sovereign immunity and consented to suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity "must be unequivocally expressed in the statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA contains a limited waiver of sovereign immunity permitting certain negligence

---

[1] The pilot program permits both a medical malpractice claimant and HHS to submit confidential settlement demands to a person called a Settlement Depository. *See* HHS Notice Regarding Alternative Settlement Process for Certain Administrative Claims Under the FTCA, 69 Fed. Reg. 57,294 (Sept. 24, 2004). Because a Settlement Depository is "an independent third party," *id.* at 57,295, he or she does not represent or speak for HHS. Moreover, "[t]he Pilot Program does not create new causes of action or change the requirements of the FTCA for the handling of administrative tort claims . . . ." *Id.* at 57,294.

2

suits against the United States. *See* 28 U.S.C. § 1346(b)(1). Before a plaintiff may file suit under the FTCA, however, she must exhaust her administrative remedies. A plaintiff must file an administrative tort claim within two years after the claim accrued. *See id.* §§ 2401(b), 2675(a). If that claim is denied, a plaintiff must file suit "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* § 2401(b). The filing of a timely claim is a jurisdictional prerequisite to suit under the FTCA. *See Roman-Cancel v. United States*, 613 F.3d 37, 41 (1st Cir. 2010); *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

The complaint here was filed more than six months after HHS sent plaintiff a notice denying her administrative tort claim, and thus facially outside the limitations period. Plaintiff, however, asserts that the United States should be estopped from asserting a statute of limitations defense because she relied on a representation from Professor Hyman that negotiation was an option in lieu of litigation. Specifically, she contends:

> Plaintiff justifiably relied on the last correspondence between her and the Early Offers Pilot Program in an attempt to settle the claim. When she did not hear back from the program for 90 days, she believed that she could continue to resolve the claim using traditional negotiating techniques through the Department of Health & Human Services.

Pl. Opp. Mem. at 2.

Plaintiff also acknowledges, however, that the timeliness requirement is jurisdictional in nature and not generally subject to estoppel. *See, e.g., Stewart v. United States*, 503 F. Supp. 59 (N.D. Ill. 1980); *Binn v. United States*, 389 F. Supp. 988 (E.D. Wis. 1975). It appears that plaintiff is arguing that equitable tolling of the limitations period should apply. Plaintiff has cited to no authority suggesting that the limitations period in 28 U.S.C. § 2401(b) is subject to

3

equitable tolling under the circumstances presented here. Furthermore, there is no suggestion that Professor Hyman has the authority to toll the limitations period on behalf of the United States. Certainly his letter does not state or suggest that the limitations period was tolled. And, in any event, even if the letter somehow had tolled the period through September 15, 2009, the filing deadline would have been six months later, or on March 15, 2010. Plaintiff did not file suit until June 23, 2010.

Accordingly, the complaint must be dismissed for lack of jurisdiction for failure to file within the limitations period set forth in 28 U.S.C. § 2401(b).

### **III.** **Conclusion**

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 8, 2011